JAMES P. GANNON

*vs.*

THOMAS C. DONN.

AT LAW.  DECIDED OCTOBER 30, 1848.

*Action against a Justice of the Peace for Negligence or Omission in the Discharge of his Duty under Sec. 4, Act of 1823.*

1. A justice of the peace is not liable in damages for judicial acts, and for ministerial acts only in case of intentional or gross negligence.
2. Sunday is not a day on which a *supersedeas* can be given.
3. But taking it is a judicial act, and the justice is not liable, though taken on a Sunday and from a minor.

LENOX for the appellant.

GIBERSON for the appellee.

The plaintiff had a *fieri facias* on a justice's judgment issued by defendant and laid on Gannon's horse after dark on Saturday; the legality of which levy being doubted, it was agreed the horse should be placed in the livery stable of the plaintiff until the judgment should be superseded. On the following day (Sunday) the recognizance was entered into before the defendant, and antedated on the preceding Saturday.  The superseder was under twenty-one; but wanted only six or seven months of being of age.  His appearance indicated full age.  The horse was delivered to Gannon on the certificate of *supersedeas*.  His residence was in Maryland, and afterwards he went to Mexico, but was seen in the District on the horse after the expiration of the time of the *supersedeas*.  It was not shown that he had any other property.  The surety in the recognizance refused on the ground of non-age, and no steps were taken thereon or on the original judgment.  The plaintiff, representing to the defendant that he had lost his debt by his conduct, said: "Sooner than you shall lose it I will pay it."

Upon this evidence the plaintiff seeks to recover against the defendant under section 4 of the Act of 1823 for negligence or omission in the discharge of his duty.

Mr. Justice Morsell delivered the opinion of the Court, (Cranch absent):

"This is the first instance of a suit under this section. The terms are general and might comprehend any degree of negligence or any omission of duty; but the third and fourth sections of the law must be taken together, and the general expressions of the latter limited by the former. The expression in the fourth section is that 'if any justice shall omit to keep a docket, or be guilty of any other negligence or omission, whereby the plaintiff, having obtained a judgment before such justice, shall lose his debt,' the justice shall pay the same. The keeping of a docket is purely a ministerial act, and the general terms must be limited to acts of the same character, and can not be extended to acts done or omitted in his judicial capacity. A justice is not answerable for his judicial opinions, though erroneous, and as to his ministerial acts there must be proof of intentional violation of duty or gross negligence.

"The acts complained of are: 1. That the recognizance was taken on a Sunday and antedated. 2. That the surety was a minor. Sunday is not a day for legal proceedings. (2 Inst., 264.) But in taking the *supersedeas* the justice was acting in his judicial character, and might have supposed the consent of the parties had been given to consider it as done on Saturday. As to the age of the surety the justice might well be deceived by his appearance, and there was nothing to awake suspicion. Notice need not be given to the plaintiff of the time and place of taking the recognizance, nor is there proof that the debt has been lost by any other act or omission of the defendant. His promise is not obligatory on him. The plaintiff is not entitled to recover."